IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KENEXA BRASSRING, INC.,              )
                                     )
            Plaintiff,               )
                                     )
      v.                             )   C.A. No. 07-521 (SLR)
                                     )
TALEO CORPORATION,                   )
                                     )
            Defendant.               )

**TALEO CORPORATION'S ANSWER AND COUNTERCLAIMS
TO KENEXA BRASSRING, INC.'S COMPLAINT**

Defendant, Taleo Corporation ("Taleo"), responds to the numbered paragraphs of Kenexa BrassRing, Inc.'s ("Kenexa") Complaint and counterclaims as follows:

1. Upon information and belief, Taleo admits the allegations contained in paragraph 1 of the Complaint.

2. Taleo admits the allegations contained in paragraph 2 of the Complaint.

3. Taleo admits the allegations contained in paragraph 3 of the Complaint.

4. Taleo denies the allegations contained in paragraph 4 of the Complaint.

5. Taleo admits the allegations contained in paragraph 5 of the Complaint.

6. Taleo repeats the allegations of paragraphs 1-5.

7. Taleo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Taleo denies the allegations contained in paragraph 8 of the Complaint.

9. Taleo denies the allegations contained in paragraph 9 of the Complaint.

10. Taleo repeats the allegations of paragraphs 1-9.

11. Taleo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Taleo denies the allegations contained in paragraph 12 of the Complaint.

13. Taleo denies the allegations contained in paragraph 13 of the Complaint.

## DEFENSES

### First Defense

1. Taleo has not infringed and is not infringing any valid and/or enforceable claim of U.S. Patent Nos. 5,999,939 (the "'939 Patent") or 6,996,561 (the "'561 Patent") (together, "patents in suit"), directly, by inducement, or contributorily.

### Second Defense

2. The patents in suit are invalid for failure to comply with the requirements for patentability under the patent laws set forth in Title 35 of the United States Code, including, but not limited to, sections 101, 102, 103, and 112. Taleo reserves the right to assert, after further investigation, additional defenses relating to the invalidity and/or unenforceability of the patents in suit.

### Third Defense

3. The patents in suit are unenforceable as a result of inequitable conduct, as set forth in the Fifth and Sixth Counterclaims.

### Fourth Defense

4. The Complaint is barred in whole or in part by the doctrines of estoppel and/or waiver.

### Fifth Defense

5. The Complaint is barred in whole or in part by the doctrine of laches.

### Sixth Defense

6. Kenexa's claims are barred by the doctrine of acquiescence.

### Seventh Defense

7. The allegations asserted in the Complaint cannot support a finding of willful infringement as defined by *In re Seagate Tech., LLC*, 487 F.3d 1360, 1366 (Fed. Cir. 2007). Accordingly, Kenexa cannot recover for willful infringement.

### Eighth Defense

8. Any damages are limited for failure to comply with 35 U.S.C. § 287.

### Ninth Defense

9. Kenexa fails to state a claim upon which relief can be granted.

## COUNTERCLAIMS

### Jurisdiction and Venue

1. Kenexa filed its Complaint in this action against Taleo, asserting claims of infringement of the '939 Patent and the '561 Patent. Among other acts, Kenexa's filing of its Complaint created a substantial, immediate, and real controversy between Kenexa and Taleo. Accordingly, declaratory judgment jurisdiction exists for these Counterclaims.

2. This Court has subject-matter jurisdiction over the following Counterclaims under 28 U.S.C. §§ 1331 and 1338(a). This Court has personal jurisdiction over Kenexa because Kenexa voluntarily appeared before this Court for all purposes.

3. Venue is proper as to Kenexa under 28 U.S.C. § 1391.

### The Parties

4. Taleo is a corporation organized under the laws of the State of Delaware with its principal place of business in Dublin, California.

5. On information and belief, Kenexa is a Delaware corporation having its corporate headquarters at 650 East Swedesford Road, Wayne, Pennsylvania 19087.

6. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and Rule 57 of the Federal Rules of Civil Procedure, Taleo is entitled to a declaratory judgment that it has not infringed the patents in suit and that the patents in suit are invalid and unenforceable.

## FIRST COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of the '939 Patent

7. Taleo incorporates by reference the allegations set forth above in paragraphs 1-6 of its Counterclaims.

8. Taleo has not infringed and is not infringing any claim of the '939 Patent, directly, by inducement, or contributorily.

9. Taleo is entitled to a declaratory judgment that it has not infringed and is not infringing (directly, by inducement, or contributorily) any claim of the '939 Patent.

## SECOND COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of the '561 Patent

10. Taleo incorporates by reference the allegations set forth above in paragraphs 1-6 of its Counterclaims.

11. Taleo has not infringed and is not infringing any claim of the '561 Patent, directly, by inducement, or contributorily.

12. Taleo is entitled to a declaratory judgment that it has not infringed and is not infringing (directly, by inducement, or contributorily) any claim of the '561 Patent.

## THIRD COUNTERCLAIM

**Declaratory Judgment of Invalidity of the '939 Patent**

13. Taleo incorporates by reference the allegations set forth above in paragraphs 1-6 of its Counterclaims.

14. The claims of the '939 Patent are invalid for failure to meet one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

15. Taleo is entitled to a declaratory judgment that the claims of the '939 Patent are invalid.

## FOURTH COUNTERCLAIM

**Declaratory Judgment of Invalidity of the '561 Patent**

16. Taleo incorporates by reference the allegations set forth above in paragraphs 1-6 of its Counterclaims.

17. The claims of the '561 Patent are invalid for failure to meet one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

18. Taleo is entitled to a declaratory judgment that the claims of the '561 Patent are invalid.

## FIFTH COUNTERCLAIM

**Declaratory Judgment of Unenforceability of the '939 Patent**

19. Taleo incorporates by reference the allegations set forth above in paragraphs 1-6 of its Counterclaims.

20. On July 31, 2000, BrassRing, Inc. (the predecessor to Kenexa) filed a Declaratory Judgment Complaint in the United States District Court for the District of Massachusetts.

21. In that complaint, signed by Kenexa's lead counsel in this case, BrassRing, Inc. sought a declaratory judgment that the '939 Patent was invalid and procured through inequitable conduct, alleging that the inventors "failed to disclose material information" to the United States Patent and Trademark Office in prosecuting the '939 patent, and that its then-owner, Interactive Search, Inc., knew that the patent was invalid and unenforceable.

22. On information and belief, after asserting its claims of invalidity and unenforceability, BrassRing, Inc. purchased the '939 Patent through a bankruptcy sale.

23. After purchasing the '939 Patent, BrassRing, Inc. filed with the Patent and Trademark Office a Request for Ex Parte Reexamination of the '939 Patent. In the Request for Ex Parte Reexamination, BrassRing, Inc. identified four prior art references that taught all of the claim limitations of the '939 Patent.

24. Upon information and belief, BrassRing, Inc. failed to disclose to the Patent and Trademark Office the nature of its declaratory judgment claims, and BrassRing, Inc. misrepresented the significance of the prior-art references.

25. Upon information and belief, BrassRing, Inc. failed to submit for the Patent and Trademark Office's consideration that BrassRing, Inc. had asked the United States District Court for the District of Massachusetts to enter judgment that the '939 Patent is invalid based on the four submitted references.

26. Upon information and belief, BrassRing, Inc. failed to submit for the Patent and Trademark Office's consideration that BrassRing, Inc. had asked the United States District Court for the District of Massachusetts to enter judgment that the '939 Patent is unenforceable based at least in part on the high materiality of the four submitted references.

27. Instead, BrassRing, Inc. violated its duty of candor and intended to mislead the Patent and Trademark Office by withholding the facts surrounding its invalidity and unenforceability allegations and claims, instead simply representing to the Patent and Trademark Office that the four prior art references "do not adversely affect the patentability of any claim of the '939 Patent."

28. The '939 Patent was procured through inequitable conduct in its original prosecution and/or in its reexamination proceeding.

29. Taleo is entitled to a declaratory judgment that the '939 Patent is unenforceable.

## SIXTH COUNTERCLAIM

### Declaratory Judgment of Unenforceability of the '561 Patent

30. Taleo incorporates by reference the allegations set forth above in paragraphs 1-6 and 19-29 of its Counterclaims.

31. Upon information and belief, BrassRing, Inc. purchased through a bankruptcy sale a pending patent application, which subsequently issued as the '561 Patent.

32. Upon information and belief, when BrassRing, Inc. purchased the application that became the '561 Patent, BrassRing, Inc. took over prosecution of the application but failed to inform the Patent and Trademark Office of the nature of its allegations and claims for declaratory judgments of invalidity and unenforceability of the '561's Patent's parent application, the '939 Patent. BrassRing, Inc. identified its Complaint to the Patent and Trademark Office but provided no details and stated only that the action had been voluntarily dismissed without prejudice.

33. Upon information and belief, during prosecution of the application that issued as the '561 Patent, BrassRing, Inc. cited the four references from the '939 Reexamination but BrassRing, Inc. failed to explain the relevance of the references and withheld the fact that BrassRing, Inc. had asserted claims of invalidity and inequitable conduct based in part on those references.

34. Upon information and belief, BrassRing, Inc. withheld the details of its allegations and claims in violation of its duty of candor and with intent to mislead the Patent and Trademark Office.

35. The '561 Patent was procured through inequitable conduct.

36. The '561 Patent is a continuation of the '939 Patent, and the inequitable conduct that renders the '939 Patent unenforceable applies with equal force to the '561 Patent.

37. Taleo is entitled to a declaratory judgment that the '561 Patent is unenforceable.

**Exceptional Case**

38. This is an exceptional case under 35 U.S.C. § 285. Accordingly, Taleo is entitled to recover its costs and expenses, including its attorneys' fees.

**Prayer for Relief**

WHEREFORE, Taleo respectfully requests that the Court enter judgment:

    a. dismissing Kenexa's Complaint with prejudice;

    b. declaring that Taleo has not infringed and is not infringing the '939 Patent;

    c. declaring that Taleo has not infringed and is not infringing the '561 Patent;

      d.    declaring that the '939 Patent is invalid;

      e.    declaring that the '561 Patent is invalid;

      f.    declaring that the '939 Patent is unenforceable;

      g.    declaring that the '561 Patent is unenforceable;

      h.    declaring that this case is an exceptional case and that Taleo is entitled to recover its costs and expenses, including its attorneys' fees; and

      i.    granting any additional relief to Taleo that the Court deems appropriate and just.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Thomas C. Grimm (#1098)
1201 North Market Street
Wilmington, DE 19899-1347
(302) 351-9291
jblumenfeld@mnat.com
tgrimm@mnat.com

*Attorneys for Taleo Corporation*

*Of Counsel*:

Jay F. Utley
Brian C. McCormack
Nathan A. Engels
J. Brent Alldredge
BAKER & MCKENZIE LLP
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, TX 75201
(214) 978-3000

Dated: January 28, 2008

9

## CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, hereby certify that on January 28, 2008 I electronically filed the foregoing document, which will send notification of such filing(s) to the following:

>Frederick L. Cottrell, III, Esquire
>RICHARDS, LAYTON & FINGER

I also certify that copies were caused to be served on January 28, 2008 upon the following in the manner indicated:

### BY ELECTRONIC MAIL and HAND DELIVERY

Frederick L. Cottrell, III, Esquire
RICHARDS, LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, DE  19899

### BY ELECTRONIC MAIL

Matthew B. Lowrie, Esquire
Robert J. Silverman, Esquire
LOWRIE, LANDO & ANASTASI, LLP
Riverfront Office Pary
One Main Street – 11th Floor
Cambridge, MA  02142

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)

1420123