IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENEXA BRASSRING INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 07-521-SLR |
| | ) | |
| TALEO CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 18th day of February, 2009, having reviewed defendant's motion for clarification of the confidentiality protective order entered in this action, and the papers submitted in connection therewith;

IT IS ORDERED that said motion (D.I. 40) is granted, with the following explanation:

1. On September 23, 2008, counsel for plaintiff docketed a letter to the court including conflicting proposed language for the "prosecution bar" of the protective order to be entered in this case. (D.I. 31) Defendant proposed that counsel in receipt of confidential or highly confidential information ("receiving parties") "shall not, **on behalf of a patentee or patent applicant,** prepare, prosecute, or assist in the preparation or prosecution of any **patent application**" relating to the subject matter in suit. (*Id.* at 15) (emphasis added) Plaintiff proposed that receiving parties "shall not prepare, prosecute, or assist in the preparation or prosecution of any patent, patent application, **or reexamination (including any inter partes reexamination)**" relating to the subject

matter in suit. (*Id.* at 16) (emphasis added)

2. On October 1, 2008, counsel for defendant docketed a letter to the court advocating its proposed "typical patent prosecution bar," under which "[plaintiff]'s attorneys would be barred from using [defendant]'s confidential information in any patent prosecution activities that relate to **[plaintiff]***'s* patent rights, and [defendant]'s attorneys would equally be barred from using [plaintiff]'s confidential information in any patent prosecution activities that relate to **[defendant]**'s patent rights." (D.I. 34 at 3) Put another way, no party should use confidential information to obtain additional rights for itself, but they should be able to use it to divest each other of their respective rights. Defendant attached proposed language mimicking its September 23, 2008 submission but deleting the limitation that receiving parties shall not "on behalf of a patentee or patent applicant" engage in the prosecution of a patent application.

3. Plaintiff docketed a letter to the court on October 1, 2008 in response to defendant's submission, stating that the parties disagree on whether the prosecution bar "should apply to the counsel of both parties, such that no attorney with exposure to the opposing party's confidential information may participate in *inter partes* reexamination proceedings before the [PTO]." (D.I. 35) Plaintiff asserted that any prosecution bar "should apply equally to attorneys of the other party. Either all attorneys who are exposed to the other side's confidential information should be barred from all prosecution activities (including *inter partes* reexaminations) or none of them should be." (*Id.* at 2) Plaintiff again attached its proposed language reflected in the September 23, 2008 submission.

2

4. On October 6, 2008, the court executed the protective order submitted by defendant on October 1, 2008; the protective order in this case, therefore, states that receiving parties "shall not prepare or prosecute, or assist in the preparation or prosecution of, any patent application" relating to the technology at issue in this suit. (D.I. 37)

5. Defendant now seeks "clarification" on whether plaintiff's litigation counsel may participate in the *inter partes* reexamination of its own patents. (D.I. 40) The short answer to defendant's question is yes.

6. The crux of this dispute is whether the court reads "any patent application" to include reexamination proceedings. It does not. The court considered, but declined to enter, plaintiff's proposed language specifically listing reexaminations as a prohibited activity (for any counsel). The scope of claims cannot be enlarged by amendment in a reexamination. Because reexamination involves only the patent and the prior art, defendant's confidential information is "basically irrelevant to the reexamination." *See Hochstein v. Microsoft Corporation*, Civ. A. No. 04-73071, 2008 WL 4387594 (E.D. Mich. Sept. 24, 2008) (citing *MercExchange, LLC. v. eBay, Inc.*, 500 F. Supp. 2d 556, 589 (E.D. Va. 2007)).[1] Plaintiff's confidential information is no more relevant to defendant's challenge of plaintiff's patent during reexamination. In addition, because defendant filed the request for an *inter partes* reexamination of one of plaintiff's patents-

---

[1] The court disagrees with *Visto Corporation v. Seven Networks*, Civ. A. No. 03-333, 2006 WL 3741891 (E.D. Tex. Dec. 19, 2006), in which that court found that substantive participation in a reexamination violated the protective order's prohibition against participation in any "prosecution of any new or currently pending patent applications that bear a reasonable relationship to patents which are the subject matter of this litigation." *Id.* at *7.

3

in-suit, the reexamination is "part and parcel of the instant case." See *Hochstein*, 2008 WL 4387594 at *3 (granting motion for leave to permit plaintiff's counsel to participate in reexamination proceedings).[2]

7. For these reasons, the order does not prohibit receiving parties – on either side – from participating in reexamination proceedings. It may have been in defendant's best interest to "ensure that the patent owner's trial team is prohibited from participation in any requested reexamination,"[3] but it backed away from a prohibition on receiving parties from prosecuting patent applications "on behalf of a patentee or patent applicant," and rejected specific language relating to "reexaminations" from the outset.

_____
United States District Judge

---

[2]Unlike in *Hochstein*, plaintiff's counsel has not "pledged that it will not draft new claims or amend existing claims during the reexamination." 2008 WL 4387594 at *3. Plaintiff has denied defendant's invalidity counterclaims in this case. (D.I. 10) The court considers amendments and revisions to claims on reexamination to be admissions regarding validity. Should plaintiff take an inconsistent position (to its litigation position) and revise its claims during reexamination, the court will consider the scope and effect of any such admission on an appropriate motion.

[3]Sterne, Robert Greene et al., *Reexamination Practice with Concurrent District Court of USITC Patent Litigation*, The Sedona Conference (2008) (D.I. 45, ex. A at 9) (available at *http://www.skgf.com/media.php?NewsID=472*) (submitted by defendants). The court disagrees with that article's statement that "[a]s a general matter, no party having access to another party's highly confidential technical information under a protective order should be allowed to draft or supervise the drafting of pending claims in applications *or claims under reexamination* in the same technical space" for the reasons previously iterated. *Id.* (emphasis added).