IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENEXA BRASSRING INC., | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. No. 07-521-SLR |
| TALEO CORPORATION, et al., | ) ) ) | |
|     Defendants. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 18th day of November, 2010, having heard oral argument on, and having reviewed the papers submitted in connection with, the parties' proposed claim construction;

IT IS ORDERED that the disputed claim language of the patents in suit, U.S. Patent Nos. 5,999,939 ("the '949 patent"), and 6,996,561 ("the '561 patent"), as identified by the above referenced parties, shall be construed consistent with the tenets of claim construction set forth by the United States Court of Appeals for the Federal Circuit in *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005), as follows:

1. "**Target data strings**" ('939 and '561 patents) may be stored before, after or commensurate with displaying a structured form. For the reasons stated in the court's memorandum opinion of the same date, the court declines to add a temporal imitation to this term. Put another way, the target data strings need not be displayed to the user prior to their storage in the structured database.

2. "**Each field [being] capable of [accomodating/accepting . . . [a] data

string" ('939 and '561 patents) means that each field of the form is capable of having a data string inserted therein. Defendants' proposed construction (requiring "every" filed to accept a data string) impermissibly narrows the claims. The specification includes a preferred embodiment with a series of drop-down boxes that are incapable of accepting a target data string. ('939 and '561 patents, fig. 6C) "[E]xclud[ing] from claim scope [a] preferred embodiment of [a patent is] a disfavored result." *Bowers v. Baystate Techs. Inc.*, 320 F.3d 1317, 1332 (Fed. Cir. 2003). Absent a clear disavowal or disclaimer of claim scope in the intrinsic record, the court declines to limit the term as defendants suggest.

    3. "**Source data stream**" terms ('939 and '561 patents) permit the source data stream to be displayed outside of the structured form. Claims 4 and 17 of the '561 patent are unambiguous in their requirement that the source data stream is displayed within the structured form. ('561 patent, col. 9:8-9, 9:57-58) However, where the claims of the '561 and '949 patents do not explicitly require that the source data stream is displayed within the structured form, the court declines to limit the terms as defendants suggest.

    4. "**Displaying a structured form comprised of multiple fields**" ('949 patent) is causing a structured form, comprised of multiple fields, to appear. ('949 patent, col. 5:21-25, 5:45-46) The court declines to insert a requirement that the fields must be displayed on a "display device," as defendants suggest.

    5. "**Supplying**" terms ('939 patent) require providing digital data representing each of a plurality of source data streams that originate from a plurality of users. ('939

patent, col. 1:53-57) The court declines to limit the terms to "copying and pasting" as defendants suggest.

6. "**Supplemental inquiry form**" ('939 and '561 patents) is a form having fields for receiving data in addition to the data actually extracted from the source data stream. The intrinsic record does not contain a clear disavowal or disclaimer of claim scope. In contrast, the '561 patent specification describes collecting data supplementing the strings extracted from the data **entered** as the source data string, not data **sought** by extraction. ('561 patent, col. 3:23-26) The court declines to limit the term to supplementing data "sought by extraction," as plaintiff suggests.

7. "**Nonuniformly formatted source data streams**" ('939 and '561 patents) means that each resume ("data stream") may be different with respect to the ordering of data contained therein. ('939 patent, col. 3:11-13; '561 patent, col. 3:44-45) The format of the data within the stream must vary, i.e., the first sentence of the first stream may contain an address whereas the first sentence of the second stream may contain a name. However, the file types that make up the data streams may be the same, that is, the resumes may all take the form of Microsoft Word documents.

_____
United States District Judge