IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENEXA BRASSRING INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 07-521-SLR |
| ) | |
| TALEO CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 4th day of January, 2011, having considered plaintiff's motion for reconsideration and the papers submitted in connection therewith;

IT IS ORDERED that said motion (D.I. 216) is denied, for the reasons that follow:

1. Plaintiff has moved for reconsideration of the court's November 11, 2010 order construing the term "user" as defined in U.S. Patent Nos. 5,999,939 ("the '949 patent"), and 6,996,561 ("the '561 patent"). (*Id.* at 1) In the order, the court also found that plaintiff had failed to produce admissible evidence of a prior date of conception in response to defendants' production of invalidating prior art. *Kenexa Brassring Inc, v. Taleo Corp.*, Civ. No. 07-521, - F. Supp. 2d -, 2010 WL 4668999 at *14-15 (D. Del. Nov. 18, 2010). Plaintiff argues that the court erred by improperly shifting the burden[1] to plaintiff to show prior invention by a clear and convincing standard, and by construing a term that was not actually in contention. (D.I. 216 at 1)

---

[1] Plaintiff does not state whether it believes the court shifted the burden of production or persuasion.

2. The purpose of a motion for reargument or reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Accordingly, a court may alter or amend its judgment only if the movant demonstrates at least one of the following: (1) a change in the controlling law; (2) availability of new evidence not available when the court issued its order; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. *See Id.; see also, Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998).

3. A motion for reargument is not properly premised on a request that a court rethink a decision already made. *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument may not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc., v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Id.* at 1241.

4. Considering this authority in light of plaintiff's arguments, the court finds that the order was properly decided. Plaintiff cites *Innovative Scuba Concepts, Inc. v. Feder Indus., Inc.*, 26 F.3d 1112, 1115 (Fed. Cir. 1996), in support of its argument that the court improperly shifted the burden of proving prior invention to plaintiff. (D.I. 216 at 2) While plaintiff may be correct that it is improper for the court to shift the burden of

**persuasion** to the plaintiff, the court may shift the burden of **production** once defendant has made a prima facie case of invalidity by producing prior art that antedates the patents' priority date. *Tech. Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1327 (Fed. Cir. 2008). In its order, the court found that plaintiff failed to produce evidence that was sufficient to support an earlier priority date as a matter of law. *Kenexa Brassring Inc*, 2010 WL 4668999 at *14-15. Although the standard may have been poorly articulated, the outcome is correct as plaintiff failed to meet its burden of production. The evidence produced by plaintiff either failed to corroborate the inventors' testimony, or it was not independent, as required by law. *Id.*

  5. Plaintiff next argues that the court erred in construing the term "user" because the term was not actually in dispute. (D.I. 216 at 3) In addition, plaintiff contends that its construction of "user" is mandated by the USPTO's reexamination of the '939 patent. (*Id.*) Both arguments are unpersuasive. The court has the power to construe claims *sua sponte* if need be. *DeMarini Sports, Inc. v. Worth, Inc.*, 239 F.3d 1314, 1321-28 (Fed. Cir. 2001). Although the parties did not directly propose a construction of the term "user," the term was at issue because of the disparate meanings given to it by parties in their briefs. Plaintiff claimed that the "user" was the individual who created the source data stream. (D.I. 172 at 5) In contrast, defendants reasoned that the user was anyone who used the program, be it the person who created the source data stream, or who verified the extracted data strings if they were separate individuals. (D.I. 154 at 9, 17-18) The court reviewed the parties' briefs, as well as plaintiff's expert report, and construed the term out of necessity. The court was not bound by the patent

examiner's construction of the term because, as the court stated in its order, "case law consistently provides that a court is never bound by an examiner's finding in an [inter partes] patent [ ] proceeding." *Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348, 1359 (Fed. Cir. 2007).

                                                                              _____
                                                                         United States District Judge