IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENEXA BRASSRING INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. No. 07-521-SLR |
| TALEO CORPORATION, et al., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 26th day of May, 2011, having considered plaintiff's motion for reconsideration and the papers submitted in connection therewith;

IT IS ORDERED that said motion (D.I. 225) is denied, for the reasons that follow:

1. **Background.** Plaintiff has moved for reconsideration of my November 18, 2010 memorandum opinion and order in which I found that defendant Taleo Corporation ("Taleo") does not infringe claim 17 of U.S. Patent No. 5,999,939 ("the '949 patent"), nor does it infringe claim 18 of U.S. Patent No. 6,996,561 ("the '561 patent") based on a theory of "divided infringement." (D.I. 214, 215) Plaintiff now argues that my opinion has been invalidated by the Federal Circuit in *Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*, 631 F.3d 1279 (Fed. Cir. 2011).

2. **Legal standard.** The purpose of a motion for reargument or reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Accordingly, a court should alter or amend its judgment only if the movant

demonstrates at least one of the following: (1) a change in the controlling law; (2) availability of new evidence not available when the court issued its order; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. See Id.; see also, Schering Corp. v. Amgen, Inc., 25 F. Supp. 2d 293, 295 (D. Del. 1998).

3. A motion for reargument is not properly premised on a request that a court rethink a decision already made. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument may not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc., v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." Id. at 1241.

4. **Discussion.** Plaintiff's motion for reconsideration is neither timely nor supported by a change in the controlling law. With respect to timing, Local Rule 7.1.5 mandates that motions for reargument "shall be filed within 14 days after the Court issues its opinion or decision." Plaintiff's current motion was filed on April 27, 2011, more than 5 months after my opinion issued. (D.I. 255) Even if I were to construe "the Court" to mean the Federal Circuit, plaintiff still filed its motion more than three months after the Federal Circuit issued its opinion.

5. Plaintiff's motion also fails on the merits. In Centillion, the Federal Circuit held that "to 'use' a system for the purposes of infringement, a party must put the

2

invention into service, i.e., control the system as a whole and obtain benefit from it." *Centillion,* 631 F.3d at 1284. A party need not exercise physical or direct control over each individual element of the system; "direct infringement by 'use' of a system claim 'requires a party . . . to use each and every . . . element of a claimed [system].'" *Id.* The Federal Circuit found that Quest's **customers** put the claimed invention into service even though they used their own computers to trigger processing in Quest's servers as contemplated by the claims of the patent-in-suit. *Id.*

6. In contrast, Quest did not put the invention into service. *Id.* at 1286. Like Taleo, Quest makes the back end processing elements, but it never "uses" the entire claimed system because it never puts into service the personal computer data processing means. *Id.* Similarly, Taleo makes the back end processing elements, but it never "uses" the entire claimed system because it never puts into service the display of said source data stream. The user must click on a hyperlink in order to display said stream. (D.I. 214 at 15-16)

7. **Conclusion.** Even if plaintiff's motion were timely, *Centillion* fails to alter my analysis. Plaintiff's motion is denied.

                                                                    United States District Judge